Filed 11/12/25

VERMONT SUPERIOR COURT

Caledonia Unit
1126 Main Street Suite 1
St. Johnsbury VT 05819
802-748-6600
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 25-CV-03937

---

**Hilltop Family Housing LP v. Carol Callanan**

---

## ENTRY REGARDING MOTION

Title:          Motion for Preliminary Injunction Emergency (Motion: 1)
Filer:          Nadine L. Scibek
Filed Date:     September 25, 2025

Pending before the court in this landlord-tenant case is a motion for a preliminary injunction filed by plaintiff Hilltop Family Housing LP against defendant Carol Callanan. Hilltop owns an apartment located at 390 Portland Street, Apartment 3, in St. Johnsbury. Carol is a tenant in the apartment. Hilltop seeks an injunction requiring Carol to leave the apartment for five days so that Hilltop can remediate a serious mold problem in Carol's bathroom. The motion came before the court for a hearing on November 10, 2025. For the reasons that follow, Hilltop's motion is granted.[1]

### Findings of Fact

Based on the evidence presented at the hearing, the court finds the following facts:

- A serious mold problem developed in Carol's bathroom following a leak in an upstairs apartment in August 2024.

- Hilltop hired Gold Star Services to remediate Carol's bathroom from September 1 to September 5, 2025; paid in advance for Carol to stay at the

---

[1] Assistant Judge Joseph Benning was present at the preliminary injunction hearing but did not participate in this decision. Following the motion hearing, defendant Carol Callanan contacted Judge Benning on his private Facebook Messenger account to discuss the case. (Judge Benning was previously a state senator, and like many constituents, Carol had previously contacted him through Facebook Messenger to discuss unrelated matters.) After receiving Carol's message, Judge Benning informed me (Judge Battles) that he was recusing himself from the case to avoid any appearance of impropriety. Judge Benning did not forward Carol's message or discuss its substance. The court's decision is based solely on the evidence presented at the November 10 hearing. The court cannot consider communications made to a judge outside the presence of the other parties. *See generally* Vt. Code of Judicial Conduct § 2.9.

Comfort Inn while the work was in progress (beginning the afternoon of September 1); and also provided Carol with approximately $100 in cash for food and other expenses.

- Carol continually returned to the apartment while Gold Star attempted to perform the work, insisted that Gold Star obtain a permit for the work (which Gold Star eventually did despite believing the permit was unnecessary), and prevented Gold Star from completing the work.

- Although the underlying circumstances are not entirely clear from the record, the Comfort Inn evicted Carol from the hotel.

- Carol returned to her apartment and locked Gold Star out before the work was completed. Gold Star required the assistance of law enforcement to retrieve its equipment.

- Carol will not allow Gold Star to enter her apartment and work on the bathroom. She does not dispute the mold problem but insists that Hilltop use a different contractor to address the problem.

- The mold problem has not been addressed and poses a serious health risk to both Carol, who is immunocompromised, and to other tenants in the building.

- In addition to the mold issue, Carol's bathroom is not currently functional because Gold Star's work was interrupted before it was finished. Carol is currently relieving herself in a commode which she then washes out in her sink, and she is bathing outside the apartment.

- Although Hilltop is not willing to again pay for Carol to stay in a hotel while Gold Star's work is performed, Hilltop has agreed to prorate her rent for any period of displacement.

## Conclusions of Law

Hilltop seeks a preliminary injunction requiring Carol to vacate and not return to the apartment for five days (Monday through Friday) so that Gold Star Services can complete the remediation of Carol's bathroom.

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Taylor v. Town of Cabot*, 2017 VT 92, ¶ 19, 205 Vt. 586, 596, 178 A.3d 313 (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)). The movant bears the burden of establishing that the relevant factors call for the imposition of a preliminary injunction. *Id.* Those factors are: "(1) the threat of irreparable harm to the movant; (2) the potential harm to the other parties; (3) the likelihood of success on the merits; and (4) the public interest." *Id.* (citation omitted).

The court concludes the factors favor granting the injunction. Hilltop owns the apartment and has the legal right to conduct necessary repairs either with the tenant's consent which shall not reasonably be withheld, or upon 48 hours' notice. *See* 9 V.S.A. § 4460(a), (b). Carol is unreasonably withholding her consent, and despite receiving legally adequate notice, she is actively preventing Hilltop's contractor from performing the required repair work. Carol's actions threaten to irreparably harm the value of Hilltop's property, as well as the health and safety of Carol and other tenants in the building. Although Carol will be displaced from her apartment for several days if the injunction is granted, this harm is outweighed by the harm Carol is causing by preventing necessary repairs. The public interest additional favors remediation of the significant health hazard in Carol's apartment.

Accordingly, the court grants the motion and orders that Carol vacate her apartment from Monday, November 17 until Friday November 21 to permit Hilltop and its chosen contractor Gold Star Services to perform the necessary repair work. Carol must not interfere with Gold Star's work or return to the apartment until Saturday, November 22, or until Hilltop informs Carol that Gold Star's work is completed.

## Order

The motion for a preliminary injunction is GRANTED.

Defendant Carol Callanan is ordered to vacate the apartment located at 390 Portland Street, Apartment 3, in St. Johnsbury, from Monday, November 17, 2025, until Friday November 21, 2025, to permit plaintiff Hilltop Family Housing LP and its chosen contractor Gold Star Services to perform necessary repair work on the apartment. Carol must not interfere with Gold Star's work or return to the apartment until Saturday, November 22, or until Hilltop informs Carol that the Gold Star's work is completed.

Carol must pay for her own expenses while she is displaced from the apartment, but Hilltop must prorate Carol's monthly rent for the period of her displacement.

Electronically signed on: 11/11/2025 pursuant to V.R.E.F. 9(d)

Benjamin D. Battles
Superior Court Judge